J. S53038/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ROBERT SPIVEY, | : | No. 1330 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, April 8, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0000470-2012

BEFORE: BENDER, P.J.E., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED NOVEMBER 13, 2017**

Robert Spivey appeals ***pro se*** from the April 8, 2016 order entered in the Court of Common Pleas of Philadelphia County which dismissed, without a hearing, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We remand for further proceedings.

The PCRA court set forth the following procedural history:

> On October 24, 2011, [appellant] was arrested and charged with Murder and related offenses. On March 4, 2013, [appellant] elected to be tried by a jury. On March 8, 2013, the jury returned guilty verdicts to First-Degree Murder and Carrying a Firearm in Public in Philadelphia.[1][Footnote 1] Sentencing was deferred until April 1, 2013, at which time this Court imposed a mandatory sentence of life imprisonment without parole for First-Degree Murder, with a concurrent sentence of one to two years for Carrying a Firearm in Public in Philadelphia.

---

[1] 18 Pa.C.S.A. §§ 2502(a) and 6108, respectively.

[Footnote 1] All other charges were *nolle prossed*.

On May 1, 2013, [appellant] filed a timely Notice of Appeal. On May 29, 2013, [appellant] filed a timely [Pa.R.A.P.] 1925(b) statement. [. . .] On June 6, 2013, this Court filed its opinion finding [appellant's] claims meritless. On February 21, 2014, [the] Superior Court affirmed the judgment of sentence.

On September 9, 2014, [appellant] timely filed a [PCRA] petition and motion to proceed *pro se*. On October 23, 2015, this Court held a *Grazier* hearing in which [appellant] requested counsel to be appointed. On the same day, David Rudenstein, Esquire was appointed as PCRA counsel and entered his appearance.

On January 6, 2016, appointed PCRA counsel filed an amended petition. On January 22, 2016, private counsel, Mary Maran, Esquire entered her appearance. Maran did not file a supplemental petition. On March 4, 2016, the Commonwealth filed a response to appointed PCRA counsel's amended petition. On March 8, 2016, this Court found [appellant's] claims meritless and filed a Notice of Intent to Dismiss under Pa.R.Crim.P. 907. On March 28, 2016, in response to this Court's 907 Notice, Maran filed a "Motion to Reconsider Denial of PCRA" on [appellant's] behalf.

PCRA court opinion, 4/8/16 at 1-2 (footnote 2 omitted).

The record reflects that on April 8, 2016, the PCRA court denied appellant's motion to reconsider denial of PCRA and entered an order dismissing appellant's PCRA petition. On April 27, 2016, Attorney Maran filed a motion to withdraw representation and for appointment of counsel averring that she had been retained to represent appellant in connection

with his PCRA petition only and that she had fulfilled that obligation. (Motion to withdraw representation and for appointment of counsel, 4/27/16; docket # 25.) In that motion, Attorney Maran also averred that "[p]ursuant to [appellant's] request to exercise his right of appeal, counsel has filed a Notice of Appeal to the Superior Court and served all parties." (*Id.*) Appellant's notice of appeal was docketed on April 27, 2016. (Notice of appeal, 4/27/16; docket # 24.)

The record further demonstrates that on April 29, 2016, the PCRA court granted Attorney Maran's motion to withdraw as counsel. The lower court docket reveals that on May 3, 2016, Attorney Todd Michael Mosser entered his appearance on behalf of appellant, and an "appointment notice" was filed. The record further reflects that the PCRA court did not order appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and the PCRA court did not file a Rule 1925(a) opinion.

On August 24, 2016, appellant filed an application to proceed *pro se* on appeal with this court. On September 15, 2016, this court entered a *per curiam* order that directed the PCRA court "to conduct an *on-the-record* determination as to whether the [a]ppellant's waiver of counsel is knowing, intelligent and voluntary, pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), and to provide written notice of its determination to the Prothonotary of this Court within sixty (60) days." (Order of court,

9/15/16 (emphasis added).) On September 30, 2016, the PCRA court entered the following order, which it filed in this court on March 3, 2017:

> AND NOW, this 30th day of September, 2016, after consideration of the Motion Proceed [sic] **Pro Se** by [appellant,] it is ORDERED that the Motion Proceed [sic] **Pro Se** is GRANTED.
>
> PCRA Hearing. Defense Motion to Proceed **Pro Se** is GRANTED. Previous Defense Counsel Todd Mosser is Ordered to Send [appellant] Any Documents in Relation to this Case. [. . .] Atty: Todd Mosser is Removed, [appellant] **Pro Se**[.]

Order of court, 9/30/16.

The PCRA court, however, did not file the **Grazier** hearing transcript for our review. The information available to this court reveals that no transcript was filed because the PCRA court did not hold the September 30, 2016 **Grazier** hearing on the record in accordance with that part of this court's September 15, 2016 **per curiam** order that directed it "to conduct an **on-the-record** determination as to whether the [a]ppellant's waiver of counsel is knowing, intelligent and voluntary, pursuant to [**Grazier**]." (Order of court, 9/15/16 (emphasis added).) It is well settled that in the context of the PCRA, where the right to counsel is statutorily provided, a petitioner choosing to waive that right can only do so after an on-the-record colloquy is held to determine whether petitioner's waiver is knowing, intelligent, and voluntary. **Grazier**, 713 A.2d at 82.

Therefore, we must once again remand to the PCRA court and direct it to conduct the requisite on-the-record colloquy to determine whether

appellant's waiver of counsel is knowing, intelligent, and voluntary pursuant to *Grazier*, 713 A.2d 81; file the *Grazier* hearing transcript with this court; and provide written notice of its determination of whether appellant's waiver of counsel is knowing, intelligent, and voluntary within 45 days of the date of the filing of this memorandum.

Remanded with instructions. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2017